# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. SEXTON,<br><br>                      Petitioner,<br><br>  vs.<br><br>URIBE, Warden,<br><br>                      Respondent. | Civil No.    11-2731 JLS (JMA)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, Steven A. Sexton, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

### **PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his May 23, 2002, conviction in San Diego Superior Court case No. SCE 220004. On May 14, 2009, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 09cv1069. In that petition, Petitioner challenged his conviction in San Diego Superior Court case No. SCE 220004 as well. On July 19, 2010, this Court granted respondent's motion to dismiss and dismissed the petition for Petitioner's failure to file his petition within the one-year statute of limitations. (*See* Order filed July 19, 2010 in case No. 09cv1069 W (POR) [Doc. No. 18].) Petitioner did not appeal that determination.

Dismissal for failure to comply with the one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b). *McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009); *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029 (C.D. Cal. 2003) (same); *Bridgewater v. Scriben*, 2007 WL 2262760 (S.D. Cal. Aug. 3, 2007) (same). Petitioner is seeking to challenge the same conviction he challenged in his prior federal habeas petitions.[1] Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

DATED: December 15, 2011

Honorable Janis L. Sammartino
United States District Judge

---

[1] Indeed, Petitioner recently sought to challenge his San Diego Superior Court conviction in case No. SCE 220004 in this Court in case Nos. 11cv2268 and 11cv2302. The Court summarily dismissed both cases as second or successive pursuant to 28 U.S.C. § 2244(b)(3)(A). (*See Sexton v. Uribe*, 11cv2268 BEN (BGS), ECF No. 2; *Sexton v. Uribe*, 11cv2302 DMS (BLM), ECF No. 2.) On November 11, 2011, the Ninth Circuit denied Petitioner's application to file a second or successive petition in case No. 11-73138 (*See Sexton v. Uribe*, 11cv2268 BEN (BGS), ECF No. 4.).